UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

KEVIN BRAZIER,

        Plaintiff,

   v.                                 CAUSE NO. 3:21-CV-452 DRL-MGG

JOHN M. MARNOCHA *et al.*,

        Defendants.

OPINION AND ORDER

Kevin Brazier, a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Mr. Brazier alleges that, on April 29, 2021, his constitutional rights were violated when Probation Officer Jodi Magalski filed a request to revoke his probation after new criminal charges had been filed. ECF 1 at 2. He states Probation Officer Magalski should not have initiated revocation proceedings because he had not yet been proven guilty of the charges. *Id*. "[F]iling requests for revocation are not violations of section 1983; they are the job description for the often thankless job of probation officer. Moreover, in filing any memoranda requesting that the state's attorney begin proceedings to revoke

probation, [the defendant] was engaged in a quasi-judicial function for which she is protected by absolute immunity." *Tobey v. Chibucos*, 890 F.3d 634, 650 (7th Cir. 2018). Therefore, Mr. Brazier has not stated a claim against Probation Officer Magalski.

Mr. Brazier is also unhappy with the judge handling his case, John M. Marnocha, and Mr. Brazier has named him as a defendant. ECF 1 at 2-3. However, Mr. Brazier cannot proceed against Judge Marnocha because judges are immune from suit. "A judge has absolute immunity for any judicial actions unless the judge acted in absence of all jurisdiction." *Polzin v. Gage*, 636 F.3d 834, 838 (7th Cir. 2011). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 359 (1978) (citation and quotations omitted). Therefore, he cannot proceed against Judge Marnocha.

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). However, "courts have broad discretion to deny leave to amend where . . . the amendment would be futile." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). For the reasons previously explained, such is the case here.

For these reasons, this case is DISMISSED under 28 U.S.C. § 1915A.

SO ORDERED.

November 11, 2021                              *s/ Damon R. Leichty*
                                               Judge, United States District Court